UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER DWYER : | |
|     Petitioner, : | |
| : | PRISONER CASE NO. |
| v. : | 3:08-cv-1642 (JCH) |
| : | |
| WARDEN PETER MURPHY, : | MARCH 29, 2010 |
|     Respondent. : | |

**RULING RE: PETITION FOR WRIT OF HABEAS CORPUS (Doc. No. 1)**

**I.     INTRODUCTION**

On October 7, 2008, petitioner Christopher Dwyer, an inmate confined at the MacDougall Correctional Institution in Suffield, Connecticut, filed this action pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  He challenges his 1995 conviction for murder and criminal possession of a firearm.  For the reasons that follow, the Petition will be dismissed.

**II.    STANDARD OF REVIEW**

Federal habeas corpus statutes impose a one year statute of limitations on federal petitions for a writ of habeas corpus challenging a judgment of conviction imposed by a state court.  28 U.S.C. § 2244(d)(1) (2000).  The limitations period begins

---

[1]  It is apparent from documents received by the Clerk that the petitioner initially submitted his habeas Petition for mailing to the court on October 7, 2008, but the Clerk's Office refused to accept the Petition and returned it to petitioner.  Petitioner mailed the Petition to the court again on October 16, 2008, but the Clerk did not accept it for docketing because the petitioner failed to submit either the filing fee or an application to proceed in forma pauperis.  The petitioner re-submitted the Petition on October 27, 2008.  The Clerk officially file-stamped and docketed the Petition as having been filed on October 27, 2008.  The court deems the Petition for writ of habeas corpus as having been filed in this court on October 7, 2008, the date the petitioner initially submitted the Petition to prison officials for mailing to the court.  See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (holding that a pro se prisoner complaint is deemed filed as of the date the prisoner gives the complaint to prison officials to be forwarded to the court) (citing Houston v. Lack, 487 U.S. 266, 270 (1988)).

on the completion of the direct appeal or the conclusion of the time within which an appeal could have been filed and may be tolled for the period during which a properly filed state habeas petition is pending. See id.; Williams v. Artuz, 237 F.3d 147, 151 (2d Cir.), cert. denied, 534 U.S. 924 (2001).

The limitations period is not "a jurisdictional bar." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 840 (2000). Consequently, the court may equitably toll the limitations period. See id. ("In order to equitably toll the one-year period of limitations, [the petitioner] must show that extraordinary circumstances prevented him from filing his petition on time."). The district court has the discretion to raise the timeliness of a federal habeas petition sua sponte. See Day v. McDonough, 547 U.S. 198, 209-10 (2006).

### III. PROCEDURAL HISTORY

On September 15, 1995, in the Connecticut Superior Court for the Judicial District of Fairfield at Bridgeport, a jury convicted the petitioner of one count of murder in violation of Connecticut General Statutes § 53a-54a and one count of criminal possession of a firearm in violation of Connecticut General Statutes § 53a-217. A judge sentenced the petitioner to fifty years of imprisonment. See Pet. Writ Habeas Corpus at 2. On July 1, 1997, the Connecticut Appellate Court affirmed the judgment of conviction. See State v. Dwyer, 45 Conn. App. 584 (1997). On September 18, 1997, the Connecticut Supreme Court denied the petition for certification to appeal the decision of the Connecticut Appellate Court. See State v. Dwyer, 243 Conn. 910 (1997).

The limitations period began to run ninety days later, on December 18, 1997, at

the conclusion of the time within which petitioner could have filed a petition for certiorari at the United States Supreme Court.  See Williams, 237 F.3d at 151 (holding in case where petitioner had appealed to state's highest court, direct appeal also included filing petition for writ of certiorari in Supreme Court or the expiration of time within which to file petition).

Fifty-four days of the limitations period ran before the petitioner filed his first state petition for writ of habeas corpus, Dwyer v. Commissioner of Correction, Case No. FBT-CV-98-0357949-S, on February 11, 1998.  The judge dismissed the petition on July 26, 2000.  See Dwyer v. Commissioner of Corrections, 2000 WL 1161243 (Conn. Super. Ct. July 26, 2000).  The Connecticut Appellate Court affirmed the decision of the trial court on May 7, 2002.  See Dwyer v. Commissioner of Correction, 69 Conn. App. 551, (2002).  On July 10, 2002, the Connecticut Supreme Court denied the petition for certification to appeal the decision of the appellate court.  See Dwyer v. Commissioner of Correction, 261 Conn. 906 (2002).

Over thirteen months later, on September 4, 2003, the petitioner filed his second habeas petition, Dwyer v. Warden, Case No. TSR-CV-03-0004155-S.  The judge dismissed the petition on June 13, 2006.  See Dwyer v. Warden, 2006 WL 1828337 (Conn. Super. Ct. June 13, 2006). The Connecticut Appellate Court affirmed the decision of the trial court on July 31, 2007.  See Dwyer v. Commissioner of Correction, 102 Conn. App. 838 (2007).  On October 10, 2007, the Connecticut Supreme Court denied the petition for certification to appeal the decision of the appellate court.  See Dwyer v. Commissioner of Correction, 284 Conn. 925 (2007).  The petitioner states that he has filed no other petitions or motions in state court attacking the judgment of

conviction. As indicated above, petitioner filed the present Petition on October 7, 2008.

On March 31, 2009, the court ordered petitioner to show cause why the Petition should not be dismissed as barred by the one-year statute of limitations. On June 2, 2009, petitioner filed a response to the court's order.

**IV.    DISCUSSION**

The petitioner asserts that he is entitled to equitable tolling of the statute of limitations. Equitable tolling is available only if the petitioner can demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. Pace v. DeGuglielmo, 544 U.S. 408, 418 (2005). The burden is on petitioner to "demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing [of his petition] during that time." Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001) (quoting Smith, 208 F.3d at 17.)

Petitioner concedes that he filed his second petition for writ of habeas corpus in the Connecticut Superior Court on September 4, 2003, over thirteen months after the Connecticut Supreme Court denied certification to appeal the decision of the Connecticut Appellate Court affirming the dismissal of his first state habeas petition. He contends, however, that extraordinary circumstances existed that warrant tolling of the limitations period. He asserts that he retained Attorney Mastronardi to file his second state habeas petition within the one-year period following the dismissal of his first state petition, but Attorney Mastronardi failed to file the second petition in a timely manner.

Plaintiff submits a letter from Attorney Mastronardi dated March 18, 2003. In the

letter, Attorney Mastronardi acknowledged that he had spoken with petitioner on the telephone during the week before the letter was written and that they had discussed the statute of limitations for filing a federal habeas petition.  Attorney Mastronardi informed petitioner that he did not think that there was a viable claim to be raised in a federal petition.  Instead, he recommended pursuing a claim of ineffective assistance of habeas counsel in a second state habeas petition.  Attorney Mastronardi ended his letter by asking the petitioner to notify him as to whether petitioner agreed with this assessment.

Petitioner does not indicate when he contacted Attorney Mastronardi after receiving this letter.  Instead, he simply states that Attorney Mastronardi waited until September 2003, to file the second state habeas petition.  To the extent that petitioner is arguing that Attorney Mastronardi failed to properly calculate the time left in the limitations period or to take into account the delay in filing a second state habeas might have on the filing of a future federal habeas petition, such attorney error does not constitute extraordinary circumstances.  See Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.") (citing Coleman v. Thompson, 501 U.S. 722, 756-57 (1991)).

Furthermore, the fact that petitioner contacted an attorney during the limitations period following the dismissal of the first state habeas petition and the attorney responded to his letter approximately four months prior to the expiration of the limitations period does not constitute due diligence.  Petitioner does not assert that he responded to the attorney's letter or made any further attempts to contact the attorney

regarding the statute of limitations or the filing of a state habeas petition.  Nor does he allege that anything or anyone prevented him from filing the second state habeas petition himself prior to the expiration of the one-year limitations period.

Even if the period of time before the filing of the second state petition could be excluded, it would not matter: the petitioner waited almost an entire year--from the date of the Connecticut Supreme Court's decision denying a petition for certification to appeal the dismissal of the second state habeas petition--to file the present petition. Cf. Pace, 544 U.S. at 419 (the fact that petitioner waited years before filing a postconviction petition in state court and five months after the state petition became final before filing a federal petition demonstrated lack of diligence precluding equitable tolling).

Petitioner has not demonstrated that extraordinary circumstances prevented him from filing this action within the one-year limitations period or that he pursued his rights diligently during the time period sought to be tolled.  Thus, he is not entitled to equitable tolling of the statute of limitations during the time period between the Connecticut Supreme Court's decision in his first state habeas petition and the filing of his second state habeas petition.  Accordingly, the Petition is dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1).

The court notes that, even if extraordinary circumstances existed to warrant tolling of the statute of limitations during this almost 13 month time period, the petitioner would be time-barred for another reason.  As indicated earlier in the ruling, the petitioner's judgment of conviction became final on December 17, 1997.  Fifty-four days of the limitations period ran before the petitioner filed his first state petition for writ of

habeas corpus on February 11, 1998. Another 361 days of the statute of limitations ran between time petitioner's second state habeas Petition became final and he filed his federal Petition. The total of those two periods exceeds one year.

## V.     CONCLUSION

The Petition for Writ of Habeas Corpus [**Doc. No. 1**] is **DISMISSED** as barred by the statute of limitations. See 28 U.S.C. § 2244(d)(1).

The court concludes that jurists of reason would not find it debatable that petitioner failed to timely file this petition. Thus, a certificate of appealability will not issue. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas Petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling). The Clerk is directed to enter judgement and close this case.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 29th day of March 2010.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge